Tammy S. WALLIS, Plaintiff–
Appellant,

v.

Carolyn W. COLVIN, Acting Com-
missioner of Social Security,
Defendant–Appellee.

No. 13–35777.

United States Court of Appeals,
Ninth Circuit.

Submitted June 2, 2015.*

Filed June 24, 2015.

Eitan Kassel Yanich, Olympia, WA, for
Plaintiff–Appellant.

Helen J. Brunner, esquire, Assistant
U.S., Kerry Keefe, esquire, Office of the
U.S. Attorney, Terrye Erin Shea, esquire,
Special Assistant U.S., Social Security Ad-
ministration Office of the General Counsel,
Seattle, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, TASHIMA,
and McKEOWN, Circuit Judges.

MEMORANDUM **

Tammy S. Wallis appeals from the dis-
trict court's order affirming the Adminis-
trative Law Judge's ("ALJ") denial of ben-
efits. We have jurisdiction under 28
U.S.C. § 1291, and we affirm.

1. Wallis argues that the ALJ erred by
not crediting her testimony regarding her
mental and physical limitations. Once a
claimant produces objective medical evi-
dence of an impairment and shows that the
impairment could reasonably be expected
to produce some degree of symptoms, "the
ALJ can reject the claimant's testimony
about the severity of her symptoms only
by offering specific, clear and convincing
reasons for doing so." *Smolen v. Chater*,
80 F.3d 1273, 1281 (9th Cir.1996). Here,
the ALJ did offer clear and convincing
evidence for rejecting Wallis's testimony.
Specifically, the ALJ cited Wallis' drug-
seeking behavior, her inconsistent state-
ments about her psychotic symptoms, and
her manipulative behavior. *See Edlund v.
Massanari*, 253 F.3d 1152, 1157 (9th Cir.
2001) (suggesting that drug-seeking behav-
ior undermines a claimant's credibility);
*Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th
Cir.1999) (stating that a claimant's incon-
sistent statements can constitute "clear
and convincing evidence" for discrediting a
claimant). Substantial evidence supports
the ALJ's decision and any other claimed
error "does not negate the validity" of that
conclusion. *Molina v. Astrue*, 674 F.3d
1104, 1115 (9th Cir.2012) (internal quota-
tion marks omitted).

2. Wallis next argues that the ALJ
erred by failing to discuss the lay testimo-
ny. The ALJ erred by not discussing the
lay testimony. *Bruce v. Astrue*, 557 F.3d
1113, 1115 (9th Cir.2009) ("If an ALJ dis-
regards the testimony of a lay witness, the
ALJ must provide reasons 'that are ger-
mane to each witness'" (quoting *Nguyen
v. Chater*, 100 F.3d 1462, 1467 (9th Cir.
1996))). The ALJ's failure to discuss the
lay testimony is, however, harmless be-
cause the testimony describes the same
limitations as Wallis' own testimony, and
the ALJ's valid reasons for rejecting Wal-
lis' testimony apply with equal force to the
lay testimony. *See Molina*, 674 F.3d at
1122.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

3. Wallis next argues that the ALJ did not properly evaluate the medical evidence in the record concerning Wallis' mental impairments and limits. This argument lacks merit. The ALJ's Residual Functional Capacity ("RFC") determination reasonably encompassed the limitations cited by Dr. Morris. *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.2008) (stating that a claimant who has deficiencies in concentration, persistence, or pace retains the ability to perform "simple tasks"). Further, the ALJ's decision not to accept the controverted global assessment functioning score given by Barbara Mills, MHP, was supported by "specific, legitimate reasons." *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992) ("Where conflicting medical opinions exist, the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician."). Finally pursuant to the Commissioner's Program Operations Manual System ("POMS"), the ALJ did not err in relying on the "narrative" section of Dr. Lysak's mental RFC assessment over the "summary conclusions" section. POMS DI 25020.010(B)(1); *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir.2006) ("The POMS does not have the force of law, but it is persuasive authority.").

4. Finally, Wallis argues that the ALJ erred in evaluating the medical evidence pertinent to her alleged physical impairments. The ALJ did not err in not mentioning all of the evidence Wallis put forth regarding her physical limitations. The ALJ need only explain why "significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.1981) (internal quotation marks omitted)). Because none of the evidence referenced by Wallis is significant or probative, the ALJ did not err in not specifically discussing it.

Moreover, the ALJ gave clear and convincing reasons for rejecting Dr. Deem's recommendation for "light work," which was based solely on Wallis' subjective complaints, Dr. Deem and Ms. Miller's opinions were not consistent with the related treatment notes and clinical findings. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001). These reasons apply equally to Dr. Staley's opinion; therefore, any error in the ALJ's consideration of the state agency evaluation is harmless. *See Molina*, 674 F.3d at 1115, 1121–22.

5. Finally, Wallis makes a conclusory argument that the ALJ improperly determined her RFC and erred in basing her step-five finding on a hypothetical that did not include all of her limitations. This argument simply reiterates Wallis' arguments discussed above. For the reasons set forth above, these arguments have no merit.

**AFFIRMED.**